```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JUAN RULLAN,
                                          13 Civ. 5154 (JGK)
             Plaintiff,
                                          Memorandum Opinion and
    -against-                             Order

NEW YORK CITY SANITATION
DEPARTMENT,

             Defendant.
_____
```

**JOHN G. KOELTL**, District Judge:

The plaintiff, appearing pro se, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, alleging discrimination and retaliation on the basis of his disability or perceived disability. The Court directs the plaintiff to submit an amended complaint within sixty days of the date of this Order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a frivolous complaint sua sponte, even when the plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (per curiam) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Second Circuit Court of Appeals has inherent authority to dismiss frivolous appeal)). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the

claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). District courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, courts should read pro se complaints with "special solicitude" and interpret them to "raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The plaintiff, Juan Rullan, first filed a discrimination lawsuit in this Court on October 25, 2010. The plaintiff alleged that his employer, the New York City Department of Sanitation ("DOS"), and the New York State Division of Human Rights ("DHR") discriminated again him in violation of the ADA and Title VII. See Rullan v. New York City Dep't of Sanitation, No. 10 Civ. 8079, 2011 WL 1833335, at *1 (S.D.N.Y. May 12, 2011). By Order dated May 12, 2011, the Honorable Robert P. Patterson, Jr. granted the defendants' motion to dismiss the case. Judge Patterson dismissed the plaintiff's claims against the DOS based on the doctrines of res judicata and collateral estoppel because the plaintiff had filed and received final judgment in state court based on the same allegations. Id. at *3-5. Judge Patterson also dismissed the complaint for failure to state a claim because the plaintiff's complaint stated only that he

suffered from post-traumatic stress disorder, asthma, and high blood pressure, and did not demonstrate that the DOS discriminated or retaliated against the plaintiff.  Id. at *6.  Judge Patterson later denied the plaintiff's motion for reconsideration.  Rullan v. New York City Dep't of Sanitation, No. 10 Civ. 8079, 2012 WL 76926 at * 1 (S.D.N.Y. Jan. 10, 2012).

   The plaintiff now files in this Court a second complaint for employment discrimination.  He alleges that he worked for the DOS and was discriminated against because of his post-traumatic stress disorder.  To support his allegations, the plaintiff has attached five documents to his complaint: (1) a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated May 3, 2013, in which the EEOC adopted the findings of the state local fair employment practices agency that investigated the charge; (2) a petition that the plaintiff apparently filed in New York Supreme Court against the DOS and the DHR, seeking to reverse a March 4, 2010 decision by the DHR; (3) an answer from the DHR to the plaintiff's petition in which the DHR stated that it found no probable cause for the plaintiff's discrimination charge; (4) a memorandum from the DOS's medical division director in which he states that the plaintiff was exposed to asbestos while working near the World Trade Center debris on or after September 11, 2001; and (5) medical notes from the DOS which state that the plaintiff suffered from post-traumatic stress disorder and depression.  No

further facts are alleged. The plaintiff seeks twenty-five million dollars in damages.

## DISCUSSION

### A.  Res Judicata and Collateral Estoppel

Like the claims dismissed in Rullan, 2011 WL 1833335 at *1, the plaintiff's claims here may be barred by the doctrines of res judicata and collateral estoppel.  The Court may raise the issues of res judicata and collateral estoppel sua sponte. See Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 398 n. 4 (2d Cir. 2003).  Res judicata and collateral estoppel apply to cases that are dismissed for failure to state a claim. See Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law . . . the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects.") (internal citations omitted).

"Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (citing Federated Dep't Stores, Inc. V. Moitie, 452 U.S. 394, 398 (1991)).  A claim is precluded under this doctrine if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and,] (3) the claims

4

asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000) (citation omitted). "The doctrine of collateral estoppel ("or issue preclusion") bars relitigation of a specific legal or factual issue in a second proceeding where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Grieve v. Tamerin, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

    The plaintiff's complaint does not state what acts of alleged discrimination he is challenging.  To the extent that the plaintiff is raising the same claim or claims that he could have brought in previous litigation against the DOS, the plaintiff is barred from raising those claims by the doctrines of res judicata and collateral estoppel. See Rullan, 2011 WL 1833335 at *3-5. However, the doctrines of res judicata and collateral estoppel do not preclude the plaintiff from filing similar claims that arose after he filed his previous action. See Storey v. Cello Holdings, LLC, 347 F.3d 370, 383 (2d Cir. 2003) ("Claims arising subsequent to a prior action . . . are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same 'course of conduct[.]'").  The plaintiff

5

may file similar claims based on facts occurring after the date of the last operative complaint from the prior case.  See Manbeck v. Micka, 640 F. Supp. 2d 351, 364-65 (S.D.N.Y. 2009).  The plaintiff therefore is not barred from alleging discrimination claims against the DOS if the factual basis for those claims arose after October 25, 2010, when he filed his complaint in Rullan, 2011 WL 1833335 at *1.  Because the plaintiff may bring claims predicated on facts that arose after his previous complaint was filed, the plaintiff is given leave to amend his complaint to provide further details about his discrimination claims.  The plaintiff may detail any actions that allegedly constitute discrimination and detail when such actions occurred to show that his claims are not barred by the doctrines of res judicata and collateral estoppel.

**B.   Rule 8 Pleading Requirements**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(d)(1) requires that each allegation be "simple, concise, and direct."  The Supreme Court recently clarified the Rule 8 pleading standard, holding that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. The plausibility standard applies to all civil actions. Id. at 684.

As currently stated, the plaintiff's allegations are insufficient to state a plausible claim of discrimination or retaliation. The plaintiff's complaint in this case appears to suffer from the same defects as the complaint he filed in Rullan, 2011 WL 1833335 at *1. Here, the plaintiff states that he was discriminated against because of his post-traumatic stress disorder. He provides documents showing that he has filed a state court discrimination lawsuit against the DOS and that he suffered from asbestos exposure and depression. But the plaintiff's bare assertion that he suffers from post-traumatic stress disorder and other maladies fails to show that the DOS discriminated against him because of his disability. Therefore, in light of the plaintiff's pro se status, he is directed to submit an amended complaint providing facts from which an inference can be made that the DOS discriminated and retaliated against him in violation of the ADA and Title VII.

**C.   Leave to Amend**

The plaintiff is granted leave to amend his complaint to elaborate on his ADA and Title VII claims. To the extent possible, the plaintiff's amended complaint must:

>   (a) state the names and titles of all
>   relevant persons;
>
>   (b) describe all relevant events and state
>   the facts that support the plaintiff's case,
>   including what each defendant did or failed
>   to do;
>
>   (c) state the dates and times of each
>   relevant event or, if unknown, the
>   approximate date and time of each relevant
>   event;
>
>   (d) state the location where each relevant
>   event occurred;
>
>   (e) describe how each defendant's acts or
>   omissions violated the plaintiff's rights and
>   describe the injuries that the plaintiff
>   suffered; and
>
>   (f) state what relief the plaintiff seeks
>   from the Court, such as money damages,
>   injunctive relief, or declaratory relief.

Essentially, the body of the plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation(s) occurred; *where* such violation(s) occurred; and *why* the plaintiff is entitled to relief.  The plaintiff's amended complaint will completely replace, not supplement, his original complaint.

## CONCLUSION

The plaintiff is directed to file an amended complaint containing the information specified above.  The amended complaint must be submitted to this Court's Pro Se Office within sixty days of the date of this Order. Further, the amended complaint must be captioned as an **"AMENDED COMPLAINT"** and bear

8

the same docket number as this Order.  An Amended Complaint for Employment Discrimination form, which the plaintiff should complete as specified above, is attached to this Order.  No summons will issue at this time.  If the plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed as barred by res judicata and collateral estoppel, and for failure to state a claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. In forma pauperis status is therefore denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

/s/
JOHN G. KOELTL
United States District Judge

Dated:   August 5, 2013
         New York, New York