UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

JUAN RULLAN,

                  Plaintiff,

      - against –

NEW YORK CITY SANITATION DEPARTMENT,

                Defendant.
────────────────────────────────

13 Civ. 5154 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Juan Rullan, brings this action against defendant New York City Sanitation Department ("DSNY"), his current employer.  The plaintiff, proceeding pro se, alleges retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq., and under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et. seq.  The plaintiff also contends that DSNY failed to accommodate his disability as required by the ADA.

    The defendant moves to dismiss the plaintiff's Amended Complaint as barred under the doctrines of res judicata and collateral estoppel, and as insufficient to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  For the reasons explained below, the defendant's motion is **granted**.

1

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius,

2

618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled."  Id.; see also Bowden v. Duffy, No. 13 Civ. 717, 2014 WL 338786, at *1 (S.D.N.Y. Jan. 30, 2014).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Winfield v. Citibank, N.A., 842 F. Supp. 2d 560, 564 (S.D.N.Y. 2012).

II.

The following facts are undisputed for purposes of the defendant's Motion to Dismiss.

                                  A.

     The plaintiff began working as a sanitation worker for DSNY
on December 11, 1989.  (Amended Complaint ("Am. Compl."),
Attach. 2 at 14.)  Beginning on June 26, 2009, the plaintiff
filed a series of complaints in which he alleged that DSNY
unlawfully discriminated against him.  The plaintiff filed his
first complaint with the New York State Division of Human Rights
("SDHR").  In that complaint, the plaintiff alleged that he had
been discriminated against and retaliated against on the basis
of disabilities or perceived disabilities; namely, his post-
traumatic stress disorder, anxiety, depression, asthma, and high
blood pressure.[1]  (Declaration of Shawn Matthew Clark ("Clark
Decl."), Ex. A at 3.)  The plaintiff alleged in his June 26,
2009 complaint that DSNY had retaliated against him after he
elected to see a doctor about his conditions.  (See Clark Decl.,
Ex. A at 3.)  According to the plaintiff, DSNY's retaliatory
activity included sending him for random drug testing twice
within a fourth-month period, and also included writing him up

_____

[1] For purposes of deciding this motion, the Court takes judicial
notice of this document, and other litigation documents
associated with prior proceedings, in order to establish which
arguments were made in those proceedings and when the
litigations occurred.  Cf. Int'l Star Yacht Racing Ass'n v.
Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

                                  4

without cause and making him wait for overtime.  (Clark Decl.,

Ex. A at 3-4.)

                                 B.

     On March 4, 2010, the SDHR issued a Determination and Order

After Investigation, notifying the plaintiff and DSNY that it

found "no probable cause to believe that the [DSNY] engaged in

or [was] engaging in the unlawful discriminatory practice

complained of." (Clark Decl., Ex. B at 1.)  On May 4, 2010, the

plaintiff sought review of the SDHR's ruling pursuant to Article

78 of the New York Civil Practice Law and Rules.  (Clark Decl.,

Ex. C; Clark Decl., Ex. F at 2.)  The plaintiff commenced his

Article 78 proceeding in the New York State Supreme Court, New

York County, and named both DSNY and SDHR as defendants.  (Clark

Decl., Ex. C at 1.)

     On July 29, 2010, after the plaintiff commenced his Article

78 Proceeding, but before any decision was rendered in that

action, the Equal Employment Opportunity Commission ("EEOC")

adopted the SDHR's finding that there was no probable cause to

believe that DSNY had discriminated against the plaintiff, and

issued the plaintiff a right-to-sue letter.  (Clark Decl., Ex. D

at 1.)

     On October 25, 2010, while his Article 78 petition was

still pending in state court, the plaintiff filed a complaint in

this Court which was assigned to Judge Patterson.  (See Clark
Decl., Exs. E, F.)  In his federal complaint, the plaintiff
again named DSNY and SDHR as defendants, and alleged that both
entities had unlawfully retaliated against him in violation of
Title VII and the ADA.  (Clark Decl., Ex. E at 2.)

C.

On January 3, 2011, Justice Scarpulla of the New York State
Supreme Court dismissed the plaintiff's Article 78 petition.
(Clark Decl., Ex. F at 10.)  In the course of a thorough
opinion, Justice Scarpulla found that:

> [T]here [was] nothing in the record to indicate that
> [the plaintiff] was being discriminated against or
> treated unfairly in any way.  As reported by the
> [SDHR] in the order, [the plaintiff] had a history of
> disruptive behavior, for which he was appropriately
> sanctioned.  Similarly, there [was] nothing in the
> record to support [the plaintiff's] claim that the
> drug tests he was made to undergo were anything but
> routine and random.

(Clark Decl., Ex. F at 8-9.)

D.

On May 12, 2011, the plaintiff's federal action was also
dismissed.  See Rullan v. N.Y.C. Dep't of Sanitation (Rullan I),
No. 10 Civ. 8079, 2011 WL 1833335, at *1 (S.D.N.Y. May 12,
2011).  In dismissing the federal action, Judge Patterson held
that the plaintiff's claims against DSNY were barred under the

doctrines of res judicata and collateral estoppel, and because
the plaintiff failed to state a claim upon which relief could be
granted.  Id. at *3-6.  Judge Patterson also dismissed the
plaintiff's claims against SDHR on Eleventh Amendment immunity
grounds, and on the ground that SDHR was not the plaintiff's
employer, as required under Title VII and the ADA.  Id. at *6.
Judge Patterson subsequently denied the plaintiff's motion for
reconsideration.  See Rullan v. N.Y.C. Dep't of Sanitation
(Rullan II), No. 10 Civ. 8079, 2012 WL 76926, at *3 (S.D.N.Y.
Jan. 10, 2012).


                              E.

     On May 31, 2012, the plaintiff filed a second
discrimination complaint with the SDHR.  (Clark Decl., Ex. I at
1.)  In his second discrimination complaint, the plaintiff again
alleged discrimination on the basis of his post-traumatic stress
disorder and also added claims for discrimination based on his
race, and for retaliation based on his prior filing with the
SDHR.  (Clark Decl., Ex. I at 2.)  The petitioner alleged that
he had been harassed or intimidated, had been denied training,
had been denied leave time or other benefits, had been given
disparate job duties, had been denied an accommodation for his
disability and religious practices, and had been given a

                              7

disciplinary notice or negative performance evaluation.  (Clark
Decl., Ex. I at 3.)

The SDHR, in a Determination and Order After Investigation
that was issued on March 8, 2013, again determined that there
was no probable cause to believe that DSNY had engaged in the
discriminatory practices alleged.  (Clark Decl., Ex. J at 1.)
The SDHR found that the plaintiff provided "no evidence in
support of his allegations of discrimination" and that the
plaintiff had a record of "inappropriate and threatening
behavior in the workplace," for which he occasionally had been
disciplined.  (Clark Decl., Ex. J at 1-2.)

### F.

On May 3, 2013, after the plaintiff's second SDHR complaint
was dismissed, the EEOC adopted the findings of the SDHR, and
issued the plaintiff a right-to-sue letter.  (Am. Compl. at 3-
4.)  The plaintiff thereafter commenced this federal action
against DSNY on July 24, 2013, again alleging violations of the
ADA and Title VII.  (See Complaint, Rullan v. N.Y.C. Sanitation
Dep't, No. 13 Civ. 5154, Docket No. 1 (S.D.N.Y. July 24, 2013).)
By Memorandum Opinion and Order dated August 5, 2013, this Court
dismissed the plaintiff's claims and granted the plaintiff leave
to file an amended complaint.  See Rullan v. N.Y.C. Sanitation
Dep't (Rullan III), No. 13 Civ. 5154, 2013 WL 4001636 (S.D.N.Y.

8

Aug. 6, 2013).  In dismissing the plaintiff's claims, the Court
noted that the plaintiff's claims might be barred by the
doctrines of res judicata and collateral estoppel, and found
that the plaintiff's conclusory allegations were insufficient to
state a plausible claim of retaliation or discrimination.  Id.
at *2-3.  With respect to amending the Complaint, the Court
directed that the plaintiff elaborate on his ADA claims and
Title VII claim by pleading facts concerning: the names and
titles of relevant persons; the relevant facts, including what
each defendant did or did not do; the dates and times or
approximate dates and times of each relevant event; the location
where each relevant event occurred; the injuries that the
plaintiff suffered; how each defendant's acts or omissions
violated the plaintiff's rights; and, what relief the plaintiff
intended to seek from the Court.

The plaintiff filed his Amended Complaint on October 3,
2013.  The defendant now moves to dismiss the plaintiff's
Amended Complaint.


                              III.

The defendant argues that the plaintiff's Amended Complaint
is precluded under the doctrines of res judicata and collateral
estoppel.  According to the defendant, two previous judgments on
the merits, one in a federal action and the other in a New York

                               9

state action, preclude the plaintiff from litigating his case.
The preclusive effect of the federal judgment is a question of
federal law, see Marvel Characters, Inc. v. Simon, 310 F.3d 280,
286 (2d Cir. 2002), while the preclusive effect of the state
judgment is a matter of state law, see Kremer v. Chem. Const.
Corp., 456 U.S. 461, 466 (1982); see also 28 U.S.C. § 1738
(requiring that federal courts afford state court judgments the
same preclusive effect as would courts of the state in which
judgment was rendered).  However, the Court may rely on federal
preclusion law in resolving whether res judicata and collateral
estoppel are applicable to the federal and state court judgments
at issue here because it is well-settled that there are no
significant differences between federal and New York preclusion
law.  See Pike v. Freeman, 266 F.3d 78, 90 n.14 (2d Cir. 2001);
Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997);
see also Kiryas Joel Alliance v. Vill. of Kiryas Joel, 495 F.
App'x 183, 186 n.1 (2d Cir. 2012) (summary order).


A.

The defendant first argues that the plaintiff's Amended
Complaint must be dismissed under the doctrine of res judicata,
or claim preclusion, which provides that "a final judgment on
the merits of an action precludes the parties or their privies

10

from litigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Rates Tech. Inc. v. Speakeasy, Inc., 685 F.3d 163, 169 (2d Cir. 2012); Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc., 652 F. Supp. 2d 463, 472 (S.D.N.Y. 2009).

In this case, the plaintiff alleges that DSNY discriminated or retaliated against him in violation of Title VII and the ADA. However, the plaintiff has not alleged that DSNY engaged in any unlawful conduct occurring after the plaintiff filed the last operative complaints in his previous federal and state actions against DSNY. See Manbeck v. Micka, 640 F. Supp. 2d 351, 364-65 (S.D.N.Y. 2009) (plaintiff not precluded from bringing similar claims based on facts occurring after date of last operative complaint in prior action); cf. Storey v. Cello Holdings, LLC, 347 F.3d 370, 383 (2d Cir. 2003) ("Claims arising subsequent to a prior action . . . are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same 'course of conduct' . . . ."). Indeed, the plaintiff's Amended Complaint does not allege any instances of discriminatory conduct by DSNY and leaves blank the date of the last alleged discriminatory act.[2] (See Am. Compl. at 3.)  Thus,

--------

[2] The plaintiff's second complaint to the NYSDHR alleges that the most recent act of discrimination occurred on May 2, 2012, but the plaintiff does not particularize what that act was or what

the plaintiff could have raised the claims at issue in this action in his previous suits against DSNY.  The plaintiff is therefore barred from litigating the claims alleged in this action if judgments on the merits were rendered in those suits. See, e.g., Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir. 2002) ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." (quoting L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999))).

The plaintiff's previous suits against DSNY clearly resulted in final judgments on the merits.  This is so because the plaintiff's previous federal and state actions against DSNY

---

other acts occurred after the dates of the previous federal and state complaints.  Furthermore, the plaintiff has not incorporated any such allegations into the Amended Complaint in this action.  The plaintiff has failed to include allegations of any subsequent discriminatory conduct despite the Court's specific instruction, contained in the Court's August 5, 2013 Memorandum Opinion and Order, that the plaintiff amend his Complaint to allege any instances of discrimination that the plaintiff suffered, the approximate date, time and location of each event, and the injuries that the plaintiff suffered. Although courts liberally construe the pleadings of pro se litigants, the Court cannot consider allegations unless they are pleaded in the plaintiff's Amended Complaint.  See, e.g., Doyle v. Columbia-Presbyterian Med. Ctr., No. 97 Civ. 5487, 1998 WL 430551, at *4 (S.D.N.Y. July 29, 1998) (finding that allegations made in EEOC charge, but absent from plaintiff's federal complaint, could not be considered on motion to dismiss). Moreover, the plaintiff has provided no meaningful response to the motion to dismiss and does not seek leave to file another amended complaint.

were both dismissed for a failure to state a claim upon which
relief could be granted. See, e.g., Berrios v. N.Y.C. Hous.
Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of
a complaint to state a claim on which relief may be granted is a
question of law, the dismissal for failure to state a claim is a
final judgment on the merits and thus has res judicata effects."
(internal citations omitted)). More specifically, Justice
Scarpulla found in the plaintiff's Article 78 proceeding that
there was "nothing in the record to indicate that [the
plaintiff] was being discriminated against or treated unfairly
in any way," (Clark Decl., Ex. F at 8-9), and this Court found
in the plaintiff's previous federal action that the plaintiff
had failed to state a claim because he did not plead any facts
indicating that DSNY had discriminated against him. See Rullan
I, 2011 WL 1833335, at *6.

Because the plaintiff could have brought the claims at
issue in this case in his previous state and federal suits,
which involved the same parties and were adjudicated on the
merits, the plaintiff's claims are barred by the doctrine of res
judicata.

B.

The defendant next argues that the plaintiff's Amended
Complaint must be dismissed under the doctrine of collateral

13

estoppel, or issue preclusion, which precludes parties or their privies from relitigating in subsequent suits any issue of law or fact "actually litigated and decided by a court of competent jurisdiction in a prior action." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (citation and internal quotation marks omitted).

Collateral estoppel applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." Id. at 489 (citation and internal quotation marks omitted); see also LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (applying materially identical standard in evaluating collateral estoppel under New York law). Litigants have had a full and fair opportunity to litigate the adequacy of an SDHR no probable cause finding if they have obtained a merits review of the no probable cause finding in a New York State court. See, e.g., Kremer, 456 U.S. at 484-85 (New York State procedure that included judicial review of no probable cause finding provided full and fair opportunity to litigate adequacy of no probable cause finding); see also Yan Yam Koo v. Dep't of Bldgs., 218 F.

14

App'x 97, 98 (2d Cir. 2007) (summary order) (Article 78 proceeding provided full and fair opportunity to litigate adequacy of no probable cause finding); Lewis v. Health and Hosps. Corp., No. 11 Civ. 99, 2013 WL 2351798, at *5 (S.D.N.Y. May 31, 2013) (same).

In this case, the plaintiff alleges that DSNY engaged in unlawful retaliation under Title VII and the ADA. The plaintiff brought an identical claim for unlawful retaliation on the basis of disability in his Article 78 proceeding against DSNY and identical claims for unlawful retaliation under Title VII and the ADA in his previous federal action against DSNY. (See Clark Decl., Ex. C at 3, Ex. E at 2-4.) In both proceedings, the issue of retaliation was litigated and the plaintiff's claim or claims held without merit. Accordingly, the plaintiff's retaliation claims were necessarily litigated, fully and fairly, in the plaintiff's previous state and federal court actions, and the merits decisions in those cases collaterally estop the plaintiff from relitigating issues giving rise to his retaliation claims in this action.[3]

---

[3] Because there is no indication that the plaintiff alleged a failure to accommodate his disabilities in the prior proceedings, the plaintiff is not collaterally estopped from litigating this issue. See, e.g., Anderson v. Bungee Int'l Mfg. Corp., 44 F. Supp. 2d 534, 539 (S.D.N.Y. 1999) (issues litigated must be "truly identical" not "very similar" (citation omitted)).

IV.

The defendant also argues, correctly, that the plaintiff's claims for retaliation under Title VII and the ADA, and for failure to accommodate under the ADA, must be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A.

The defendant first argues that the plaintiff has failed to allege facts supporting a facially plausible claim for employment discrimination under either Title VII or the ADA. With respect to Title VII, the defendant contends that the plaintiff fails to state a claim because the Amended Complaint does not allege facts supporting a plausible inference that the plaintiff was discriminated against on the basis of race, color, religion, sex, or national origin.

To state a prima facie case with respect to employment discrimination under Title VII, a plaintiff must allege that: "1) he belonged to a protected class; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under circumstances giving rise to an inference of discriminatory intent." Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003).  Although a

plaintiff is not required to allege facts establishing a prima facie case of discrimination to survive a motion to dismiss, <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 (2002), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

In this case, the plaintiff indicated his intent to bring a Title VII claim for employment discrimination by marking the relevant box on his form Amended Complaint. (Am. Compl. at 1.) However, the plaintiff's Amended Complaint does not contain any factual allegations to support any claim of discrimination under Title VII. Indeed, the plaintiff, who remains employed by DSNY, makes no cognizable allegation that he suffered any adverse employment action that was related in any way to the plaintiff's alleged race or disability. The Court gave the plaintiff an opportunity to file an Amended Complaint to provide more particulars, and the plaintiff failed to do so. Although the Court construes the pro se plaintiff's pleadings to raise the strongest arguments they suggest, the Amended Complaint does not support any plausible inference that the defendant violated Title VII and the plaintiff's Title VII claim must be dismissed for failure to state a claim upon which relief can be granted.

17

See, e.g., Carvel v. Cuomo, 357 F. App'x 382, 383 (2d Cir. 2009) (summary order); Saidin v. N.Y.C. Dep't of Educ., 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007) ("[Although] pro se submissions should be read liberally and interpreted to raise the strongest arguments they suggest . . . pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." (internal citation and quotation marks omitted)).

The defendant similarly contends that the plaintiff fails to state a claim for employment discrimination under the ADA because the Amended Complaint does not allege facts supporting a plausible inference that the plaintiff was discriminated against on the basis of disability.  To state a prima facie case with respect to employment discrimination under the ADA, a plaintiff must allege that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Sista v. CDC Ixis N. Am. Inc., 445 F.3d 161, 169 (2d Cir. 2006); accord Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).  While the plaintiff is not required to plead all of the elements of a prima facie case, the plaintiff must plead

18

sufficient facts to make such a claim plausible, and not simply possible.  Iqbal, 556 U.S. at 678.

In this case, the plaintiff's Amended Complaint does not contain any cognizable allegation that the plaintiff suffered an adverse employment action while at DSNY, let alone that the plaintiff suffered an adverse employment action that was motivated by disability-based discrimination.  For this reason, the plaintiff has failed to allege facts sufficient to support the claim that DSNY discriminated against him on the basis of disability, and the plaintiff's claim for employment discrimination under the ADA must be dismissed for failure to state a claim upon which relief can be granted.  See, e.g., Hedges v. Town of Madison, 456 F. App'x 22, 24 (2d Cir. 2012) (summary order) (affirming dismissal of plaintiff's complaint because plaintiff did not allege sufficiently elements of an ADA claim even under the most liberal notice-pleading standard); see also, e.g., Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312, 2013 WL 1809772, at *6 (S.D.N.Y. Apr. 30, 2013) (dismissing pro se plaintiff's complaint because plaintiff "failed to include any factual allegations" from which court could infer that alleged adverse employment action was motivated by disability-based discrimination); Hand v. N.Y.C. Transit Auth., No. 11 Civ. 997, 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) (dismissing

19

complaint that "proffered absolutely no facts" supporting an
inference that the plaintiff's rights under the ADA had been
violated).

B.

Similarly, the plaintiff's Amended Complaint does not
contain allegations supporting a plausible inference that DSNY
failed to accommodate the plaintiff's alleged disabilities.  In
order to allege sufficiently the denial of a reasonable
accommodation, a plaintiff must plead facts supporting a
plausible inference that: (1) the plaintiff is disabled within
the meaning of the ADA, (2) the plaintiff's employer was covered
under the statute and had notice of the plaintiff's disability,
(3) the plaintiff could have performed the essential functions
of his job with a reasonable accommodation, and, (4) the
employer refused to make a reasonable accommodation.  See
McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96-97 (2d
Cir. 2009); see also Mines v. City of New York/DHS, No. 11 Civ.
7886, 2013 WL 5904067, at *11 (S.D.N.Y. Nov. 4, 2013).

In this case, the plaintiff's Amended Complaint contains no
allegation that DSNY knew the plaintiff was disabled, no
allegation that the plaintiff sought a reasonable accommodation,
and no allegation that DSNY denied the plaintiff a reasonable

20

accommodation.  Because the plaintiff fails to make any factual
showing with respect to these elements of his failure to
accommodate claim, the plaintiff's failure to accommodate claim
must be dismissed.  See, e.g., Jordan v. Forfeiture Support
Assocs., 928 F. Supp. 2d 588, 609 (E.D.N.Y. 2013) (dismissing
plaintiff's failure to accommodate claim because plaintiff did
not plausibly allege either that she requested a reasonable
accommodation or that defendant failed to provide a reasonable
accommodation); MacEntee v. IBM (Int'l Bus. Mach.), 783 F. Supp.
2d 434, 443-44 (S.D.N.Y. 2011) (dismissing plaintiff's failure
to accommodate claim because plaintiff did not plausibly allege
either that defendant had knowledge of disability or that
defendant failed to provide a reasonable accommodation), aff'd,
471 F. App'x 49 (2d Cir. 2012); Maisonet v. Metro. Hosp. and
Health Hosp. Corp., 640 F. Supp. 2d 345, 350 (S.D.N.Y. 2009)
(dismissing plaintiff's failure to accommodate claim because
plaintiff's complaint did not plausibly allege that defendant
failed to provide reasonable accommodation).

C.

Finally, the defendant contends that the plaintiff has
failed to plead facts sufficient to allege a retaliation claim
under either Title VII or the ADA.

21

The anti-retaliation provisions in Title VII and the ADA
contain nearly identical language and are analyzed under the
same framework.  See Sarno v. Douglas Elliman-Gibbons & Ives,
Inc., 183 F.3d 155, 159 (2d Cir. 1999) ("[I]t is appropriate to
apply the framework used in analyzing retaliation claims under
Title VII in analyzing a claim of retaliation under the ADA.");
see also Shih v. JPMorgan Chase Bank, N.A., No. 10 Civ. 9020,
2013 WL 842716, at *5 (S.D.N.Y. Mar. 7, 2013).  It is well-
settled that a plaintiff establishes a prima facie case of
retaliation by showing that: "(1) [the plaintiff] was engaged in
a protected activity; (2) [the defendant] was aware of that
activity; (3) [the plaintiff] suffered a materially adverse
action; and (4) there was a causal connection between the
protected activity and that adverse action." Lore v. City of
Syracuse, 670 F.3d 127, 157 (2d Cir. 2012) (citations omitted);
see also Shih, 2013 WL 842716, at *5.

In this case, the plaintiff's Amended Complaint does not
identify what protected activity, if any, the plaintiff engaged
in.  The Amended Complaint also fails to allege that the
plaintiff suffered an adverse employment action and,
necessarily, fails to allege any causal connection between
pursuit of a protected activity and an adverse employment
action.  Because the plaintiff has not alleged any facts in

22

support of these elements of his retaliation claim, the plaintiff has failed to allege sufficiently that DSNY retaliated against him, and the plaintiff's retaliation claims must be dismissed.  See, e.g., Shine v. City of New York, No. 12 Civ. 8393, 2013 WL 5231472, at *6-7 (S.D.N.Y. July 24, 2013) (dismissing retaliation claim for failure to allege both adverse employment action and causal connection between the protected activity and adverse employment action); Delgado v. Triborough Bridge and Tunnel Auth., 485 F. Supp. 2d 453, 461-62, 464 (S.D.N.Y. 2007) (same).[4]

---

[4] The plaintiff also fails to submit any meaningful opposition to the defendant's motion to dismiss his Amended Complaint. Because the plaintiff has not responded to the defendant's arguments that the Amended Complaint should be dismissed as barred by res judicata and collateral estoppel, and for failure to state a claim, the plaintiff's claims are properly considered abandoned.  See, e.g., Rush v. Fischer, 923 F. Supp. 2d 545, 548, 554 (S.D.N.Y. 2013) (finding that pro se plaintiff abandoned claim by failing to argue its merits in opposition to motion to dismiss); see also Collins v. Goord, 581 F. Supp. 2d 563, 579 (S.D.N.Y. 2008) (collecting cases).  Moreover, the plaintiff has failed to provide the details ordered by the Court in permitting the plaintiff to file his Amended Complaint, and the plaintiff has not sought to file another amended complaint or proffered what he would state in another amended complaint. Thus, in this case, no further amendment should be permitted. See, e.g., Coleman v. BrokersXpress, LLC, 375 F. App'x 136, 137 (2d Cir. 2010) (summary order) (affirming denial of leave to amend where pro se plaintiff had been afforded opportunity to amend and made no showing as to how remaining defects would be cured by further amendment); Yang v. N.Y.C. Transit Auth., No. 01 Civ. 3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to file second amended complaint where pro se

**Conclusion**

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  For the reasons explained above, the defendant's motion to dismiss is **granted**. Because the Court has already allowed the plaintiff to amend his complaint, the plaintiff's Amended Complaint is dismissed **with prejudice.  The Clerk is directed to enter judgment dismissing this action and closing the case.  The Clerk is also directed to close all pending motions.**

SO ORDERED.

Dated:     New York, New York
           May 16, 2014            _____/s/_____
                                        John G. Koeltl
                                   United States District Judge

plaintiff was instructed to address particular deficiencies in
first amended complaint and did not do so).

24